## NOT DESIGNATED FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

### 2023 KA 1036

### STATE OF LOUISIANA

### VERSUS

### GABRIEL JOSHUA BAKER

Judgment Rendered:_____ **OCT 1 8 2024**

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2001043

Honorable William Scott Dykes, Judge Presiding

* * * * * * *

Scott M. Perrilloux
District Attorney
Jeanne Rougeau
Assistant District Attorney
Livingston, Louisiana

Attorneys for Appellee
State of Louisiana


Gwendolyn K. Brown
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Gabriel Joshua Baker

* * * * * * *

**BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.**

**PENZATO, J.**

The defendant, Gabriel Joshua Baker, was charged by bill of information with the following offenses: possession of a firearm by a person convicted of certain felonies[1] (Count I), a violation of La. R.S. 14:95.1; possession of less than two grams of a Schedule I controlled dangerous substance (CDS) (heroin) (Count II), a violation of La. R.S. 40:966(C)(4)(a); possession of two grams or more but less than twenty-eight grams of a Schedule II CDS (cocaine) (Count III), a violation of La. R.S. 40:967(C)(2); and possession of a Schedule I CDS (synthetic cannabinoid/marijuana), third or subsequent offense (Count IV), a violation of La. R.S. 40:966(C)(3)(c); see also La. R.S. 40:964. He pled not guilty on all counts, proceeded to a trial by a jury, and was found guilty as charged on each count. The trial court denied the defendant's motion for new trial and motion for post-verdict judgment of acquittal.

The trial court sentenced the defendant as follows: on Count I, to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence; on Count II, to two years imprisonment at hard labor; on Count III, to five years imprisonment at hard labor; and on Count IV, to twenty years imprisonment at hard labor. The trial court ordered the sentences be served concurrently. The trial court denied the defendant's motion to reconsider sentence.

The defendant now appeals, assigning error to the trial court's denial of a challenge for cause of a prospective juror and denial of the motion for new trial. For the following reasons, we affirm the convictions and sentences.

---

[1] The predicate felony offense on Count I consists of a 2017 conviction of possession of MDMA, a Schedule I CDS. See La. R.S. 40:966(C)(3) (as in effect at the time of the offense); see also La. R.S. 40:964.

2

## STATEMENT OF FACTS

On December 20, 2019, Agent James Soileau and other officers conducted a field visit at the defendant's residence.[2] During the routine check, Agent Soileau saw a folded dollar bill on a table by the front door, unfolded it, and discovered that it contained a powdery substance, which he suspected was heroin. While then conducting a walk-through of the residence, Agent Soileau further discovered a loaded pistol in the living room sofa's armrest. The defendant was arrested, transported to the Hammond Police Department, and turned over to the Narcotics Task Force. During a strip search at the jail, baggies of suspected cocaine were found on the defendant's person. The officers returned to the defendant's residence to conduct a follow-up search, at which point the defendant's girlfriend turned over bags of suspected marijuana and cocaine.[3]

## DENIAL OF CAUSE CHALLENGE

In assignment of error number one, the defendant argues the trial court erred in denying his challenge for cause of prospective juror Ramona York during voir dire. In assignment of error number two, he argues the trial court erred in denying his motion for new trial which, in part, raised the same trial error.

An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const. art. I, § 17(A). The purpose of voir dire examination is to determine prospective jurors' qualifications by testing their competency and impartiality and discovering bases for the intelligent exercise of cause and peremptory challenges. *State v. Borne*, 2023-0755 (La. App. 1st Cir. 2/23/24), 387 So.3d 13, 15. The State or the defendant may

---

[2] Agent Soileau, a probation and parole supervisor of the Department of Public Safety and Corrections in Amite, was assigned to monitor the defendant after his release from prison on parole for prior drug offenses.

[3] During the search of the residence, ammunition for the gun, a digital scale, and other suspected drug paraphernalia were recovered.

3

challenge a juror for cause on the ground that the juror is not impartial, whatever the cause of his partiality. La. Code Crim. P. art. 797(2). Further, a defendant may challenge a juror for cause on the grounds that the relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. La. Code Crim. P. art. 797(3). However, the law does not require that a jury be composed of individuals who are totally unacquainted with the defendant, the prosecuting witness, the prosecuting attorney, and the witnesses who may testify at trial. Rather, the law requires that jurors be fair and unbiased. *State v. Halford*, 2020-0585 (La. App. 1st Cir. 6/4/21), 327 So.3d 1004, 1012, writ denied, 2021-00866 (La. 11/3/21), 326 So.3d 884, cert. denied, ___ U.S. ___, 142 S.Ct. 2658, 212 L.Ed.2d 612 (2022).

A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied. *Halford*, 327 So.3d at 1012. We presume prejudice when the trial court erroneously denies a challenge for cause and the defendant has exhausted his peremptory challenges because an erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error.[4] *Borne*, 387 So.3d at 15. However, a prospective juror's seemingly prejudicial response is not grounds for an automatic challenge for cause, and a trial judge's refusal to excuse him on the grounds of impartiality is not an abuse of

---

[4] In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges. See La. Code Crim. P. art. 799. In this case, the defendant was entitled to twelve peremptory challenges. See La. R.S. 14:95.1; La. R.S. 40:966(C)(3)(c); see also La. Code Crim. P. art. 493.2. The record reflects the defendant exhausted all twelve peremptory challenges and used a peremptory challenge to remove the prospective juror at issue.

discretion, if, after further questioning, the potential juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. *Halford*, 327 So.3d at 1013. Further, a trial court's ruling on a motion to strike jurors for cause is afforded broad discretion because of the court's ability to get a first-person impression of prospective jurors during voir dire. *Id.* at 1012.

During voir dire in this case, prospective juror York informed the trial court that she knew LeAnne Malnar, the assistant district attorney prosecuting the case, as their sons were friends attending school together. She stated she and Ms. Malnar did things together three or four times a year, responded affirmatively when asked if it would affect her ability to be unbiased in this case, and described their relationship as "pretty good friends." When later questioned by Ms. Malnar as to whether she would convict the defendant based on their friendship, Ms. York answered, "I would have to hear the evidence and take all into consideration." Ms. York further answered she would be "completely 100 percent comfortable" when asked if she could vote "not guilty" if the State failed to prove its case beyond a reasonable doubt through the evidence and testimony. Ms. York also responded in the affirmative when Ms. Malnar then asked, "So you're fine with remaining unbiased just because you love me?" When asked how she would feel if the defendant did not testify, she stated she would not hold it against him, further stating, "it's his right and if he chooses to remain silent, that is completely his right."

In challenging Ms. York for cause, defense counsel noted her friendship with Ms. Malnar. In opposition, Ms. Malnar noted defense counsel did not further question Ms. York in this regard, and noted her responses when questioned by the State. In denying the challenge for cause, the trial court found Ms. York may have initially been confused, but later clarified that she could make a determination based on the evidence and the State's burden of proof. Defense counsel then used a peremptory challenge to dismiss Ms. York.

A charge of juror bias may be removed if the prospective juror is rehabilitated such that the court is satisfied the juror can render an impartial verdict according to the evidence and instructions given by the court. The trial court has broad discretion and reviewing courts will not disturb its rulings absent an abuse of that discretion. *State v. Mullen*, 2018-0643 (La. App. 1st Cir. 12/21/18), 269 So.3d 772, 779, writ denied, 2020-00408 (La. 10/6/20), 302 So.3d 529. The fact that a prospective juror is "friends" with, or related to, law enforcement officials or the district attorney is not grounds for automatic exclusion for cause. Even where a prospective juror's affiliations raise an issue regarding his ability to be impartial, if, after voir dire examination, the trial court is satisfied the prospective juror can render an impartial verdict according to the law and evidence, it is the trial court's duty to deny the challenge for cause. *Halford*, 327 So.3d at 1014.

After the prospective jurors were instructed on the State's burden of proving each element of the offenses beyond a reasonable doubt, Ms. York affirmed without hesitation or equivocation that she would follow the law and base her decision on the evidence presented in the case. Based on our review of the voir dire as a whole, we find that the totality of the responses by the prospective juror at issue demonstrated her willingness and ability to decide this case impartially according to the law and evidence, and did not reveal facts from which bias, prejudice, or inability to render judgment according to the law could reasonably be inferred. We find the trial court did not abuse its broad discretion in denying the challenge for cause at issue. Accordingly, we find no error in the trial court's denial of the defendant's motion for new trial. The assignments of error lack merit.

## PATENT ERROR REVIEW

On appeal, this court routinely reviews the record for error patent. Pursuant to La. Code Crim. P. art. 920(2), in conducting a patent error review, this court shall

6

consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."

In this case, we note the following as to the sentence imposed on Count I. Pursuant to La. R.S. 14:95.1(B), the defendant was subject to imprisonment at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and a fine of not less than one thousand dollars nor more than five thousand dollars. However, the trial court did not impose a fine on Count I. Thus, the sentence imposed on Count I is illegally lenient. The lack of a fine is not inherently prejudicial to the defendant and neither the State nor the defendant raised this issue on appeal. Thus, we decline to remand for the imposition of the mandatory fine. See State v. Price, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-125 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277.

Finally, the minutes and the transcript indicate the trial court failed to advise the defendant of the prescriptive period to seek post-conviction relief, pursuant to La. Code Crim. P. art. 930.8(A). Nonetheless, the trial court's failure to advise the defendant has no bearing on the sentence and is not grounds to reverse the sentences or remand for resentencing. State v. LeBoeuf, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So.2d 1134, 1142-43, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d 1158. Accordingly, this error is not reversible. Out of an abundance of caution and in the interest of judicial economy, we advise the defendant La. Code Crim. P. art. 930.8 generally provides that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. Code Crim. P. arts. 914 or 922. LeBoeuf, 943 So.2d at 1143.

**CONVICTIONS AND SENTENCES AFFIRMED.**

7